## CAMPBELL *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

(*Circuit Court, S. D. New York.* February 4, 1891.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—SUIT IN EQUITY—PLEADING.
   Under Rev. St. U. S. § 4920, which requires that, where the defense to a suit in equity for the infringement of a patent is prior knowledge or use of the patent by others, notice shall be given with defendant's answer of the names and residences of the persons having such knowledge or making such use, and of the place of the use, it is not necessary that such notice should be under oath.

2. SAME—ANSWER UNDER OATH—PLEADING.
   Where complainant's counsel in such suit consent to an order that the answer shall be considered as amended by the insertion of such defense and the required notice, such consent is a waiver of any further oath.

3. SAME—AMENDMENT—SETTING ASIDE.
   Where the order allowing the amendment was made on motion supported by affidavits, among which was one having drawings attached showing the course of the water during the operation of the relief valve, which was the invention in suit, the fact that such drawing gives a wrong impression as to the operation of the valve is no ground for vacating the order, as having been procured by falsehood and fraud.

In Equity.

*Marcus P. Norton, Harvey D. Hadlock,* and *Horace G. Wood,* for complainant.

*Frederic H. Betts,* for defendant.

WHEELER, J. This bill is brought for infringement of a patent to James Knibbs for a relief valve in steam fire-engines, and was sustained

notwithstanding the construction and sale of an engine, the Gov. Hill, by the Amoskeag Manufacturing Company, more than two years prior to the application containing the invention, because that use was without the knowledge and consent of the inventor. 9 Fed. Rep. 500, 20 Blatchf. 67. Afterwards it was ordered to be dismissed on account of that sale. 35 Fed. Rep. 504. Then leave was granted to the orator to take further evidence as to surreption in that use, and the exact time of that sale, and to the defendant to take further evidence as to any other use of the invention by that company more than two years prior to the application. 36 Fed. Rep. 260. After that the defendant moved for leave to amend the answer by setting up prior use, and to whom known, on the engines of the steamers Powhatan and Knoxville; and presented certified copies of drawings in black of these parts, with letters, lines, and arrows in red, attached to affidavits in which the affiants stated they had put on the red to show the course of the water in operation. The motion was granted on terms, and an order to that effect was drawn by the defendants, and approved as to form by the orator's counsel, and signed, "that the original answer filed be, and the same hereby is, considered as amended, and is amended, by inserting" in paragraphs named the proposed amendments *in hæc verba*, and that the replication stand "as the replication to the answer as thus amended, without further replication thereto," which was filed. Much evidence has been taken and closed as to the Gov. Hill, other use of the invention by the Amoskeag Manufacturing Company, and the engines of the steam-ships, without further answer or replication. The orator's counsel had entered of record by the examiners many lengthy objections to the taking by the defendant of the evidence of other use of the invention by the Amoskeag Manufacturing Company, on the ground that it was not within the leave granted; and of that as to use in the engines of the steam-ships, because of no formal answer setting up knowledge of it, and moved that all this evidence be suppressed for these reasons; and have now, upon the evidence, moved that the order allowing the amendment of the answer be set aside for forgery, falsehood, and fraud about its procurement. These motions have now been heard to settle the record for final hearing. The objection to the evidence of other use by the Amoskeag Manufacturing Company of the invention is without any foundation in fact. It is within the express terms of the order which provided for taking it.

Counsel for the orator, to show want of an answer, urge that answers must be made on oath by or on behalf of defendants, unless waived, and that an order of court is not a good substitute for one. While this is generally true as to answers either denying the equity of bills or setting up defenses, the substance of the defense to a patent, of prior knowledge and use of the invention by others, is that the patentee was not an original and the first inventor; and notice only of the names and residences of persons alleged to have invented, had knowledge of, or used the invention before, and the place where used, is required to be given with the pleading of the defendants in actions at law, or in the answer in suits in equity, on patents. Rev. St. § 4920. The effect of the notice

would not be added to by the oath. · The approval of the form of the order providing that the answer was to be considered to be and was thereby amended, by making the specific necessary insertions, was a waiver of any further oath, if otherwise necessary, and made good the notice without dependence upon the force of the order as made by the court. No further amendment of the answer, as a foundation for evidence of this defense, appears to have been at all necessary. The lines, arrows, and letters in red do, in view of the evidence afterwards taken, give a wrong impression as to the movement of the water by the operation of the relief valves of those engines. This is relied upon to support the charge of falsehood. But it rested somewhat on opinion, and may have been, and probably was, an error of judgment, rather than a willful misstatement of fact, and honest, rather than wicked. Whichever it was, no ground whatever appears for any charge of fraud or wrong-doing in presenting the affidavits and drawings to the court in support of the motion for leave to amend the answer. And if some misstatements or malpractice had intervened, although to be much deprecated, the motion was proper, the answer was in effect amended, the evidence has been taken on each side for what it will prove, and the order sought to be vacated fully carried out. Under these circumstances, it could not now properly be set aside for that cause, any more than an executed judgment could be for perjury of some of the witnesses, which counsel might have known of or suspected. These charges of forgery, perjury, and fraud were so groundless, and are made in this motion in such a scandalous manner, that the motion, which is otherwise drawn with unreasonable prolixity to greatly needless length, ought not to remain upon the files of the court, but should be suppressed. Let an order be entered denying all these motions, and overruling all objections to evidence therein involved, and suppressing the motion to set aside the order granting leave to amend the answer, and leaving the cause upon the calendar to stand for hearing in due course, upon the issues raised and remaining therein.